**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>BARBARA L. ROSS,<br><br>Defendant-Appellant. | No.   20-50223<br><br>D.C. No. 3:19-cr-03350-W-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted November 18, 2021[**]
Pasadena, California

Before:  LINN,[***] BYBEE, and BENNETT, Circuit Judges.

Appellant Barbara Ross appeals her jury conviction and sentence for assault

on a federal officer, in violation of 18 U.S.C. § 111(a)(1).  She argues that (1) the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

district court erred by not instructing the jury that self defense to excessive force is an affirmative defense, (2) remand is appropriate for an evidentiary hearing on whether a government agent's contact with the jury was prejudicial, (3) her trial counsel was ineffective for failing to request a self-defense-to-excessive-force instruction, and (4) her sentence of 18 months imprisonment and three years supervised release is substantively unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the conviction and sentence.

1. We review the district court's answer to Juror Question 1 for plain error because defense counsel did not sufficiently object to the instruction to preserve the issue on appeal. Fed. R. Crim. P. 30(d), 52(b); *see United States v. Anderson*, 741 F.3d 938, 945 (9th Cir. 2013) ("An objection to an instruction on a different ground is not sufficient to preserve de novo review."). The district court's response was not plain error. "Plain error arises only in exceptional circumstances where we find that the trial court's decision affected substantive rights and where it is 'highly probable that the error materially affected the verdict.'" *United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992) (quoting *United States v. Armstrong*, 909 F.2d 1238, 1244 (9th Cir. 1990)). The district court's failure to instruct the jury on self-defense to excessive force is not plain

error where, as here, the defendant did not request an excessive force instruction or rely on that theory of defense at trial. *See Span*, 970 F.2d at 578.

2. Similarly, we review for plain error Ross's claim that an evidentiary hearing is required to determine whether a government officer's contact with a juror during deliberations was prejudicial. *See Puckett v. United States*, 556 U.S. 129, 134–35 (2009). Defense counsel did not object to the contact or request an evidentiary hearing at trial. Instead, counsel waited six months, until the sentencing hearing, to raise the potential issue. We have set out a two-step process for evaluating allegedly prejudicial jury contacts. First, "[w]hen a defendant alleges improper contact between a juror and an outside party, the court asks . . . whether the contact was 'possibly prejudicial.'" *Godoy v. Spearman*, 861 F.3d 956, 962 (9th Cir. 2017) (en banc) (quoting *Mattox v. United States*, 246 U.S. 140, 150 (1892)). Second, if the contact is possibly prejudicial, the court should presume prejudice and shift the burden to the government to establish that "the contact was actually 'harmless.'" *Id.* (quoting *Remmer v. United States*, 347 U.S. 227, 229 (1954)).

The district court heard Officer Perez's recollection of the contact with jurors. Perez explained that a juror asked him: "Do you guys get subpoenas?" Perez said that he responded: "Yes, we get subpoenas." And, that was "the extent

3

of the conversation that [Perez] remembered." Nothing in Perez's response indicated that he spoke to a juror about "the matter pending before the jury." *Remmer*, 347 U.S. at 229. The district court did not commit plain error in finding no "credible risk" of prejudice and inquiring no further into the contact. *See Godoy*, 861 F.3d at 967.

3. We decline to hear Ross's ineffective assistance of counsel claim on direct appeal because the record is not sufficiently developed and her legal representation was not so deficient that she was obviously denied her Sixth Amendment right to counsel. *See United States v. Rivera-Sanchez*, 222 F.3d 1057, 1060 (9th Cir. 2000).

4. We review sentencing decisions for an abuse of discretion, whether or not the sentence is inside the Sentencing Guidelines. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). "In determining substantive reasonableness, we are to consider the totality of the circumstances," and we "may not reverse just because we think a different sentence is appropriate." *Id.* at 993. The parties agreed that the Guideline imprisonment range was 18 to 24 months and

the Guideline supervised release range was 1 to 3 years.[1]  While the Guidelines are advisory, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."  *Id.* at 994.  This does not represent one of the "rare" cases, where the court should vacate a sentence on the grounds that it is substantively unreasonable.  *United States v. Ressam*, 679 F.3d 1069, 1087 (9th Cir. 2012).  The district court considered the Guideline range, the 18 U.S.C. § 3553(a) factors, and the parties' arguments in concluding that 18 months imprisonment with three years supervised release was sufficient but not greater than necessary to reflect the seriousness of the offense and provide adequate deterrence.  The district court did not abuse its discretion.

**AFFIRMED.**

---

[1] Ross's appeal to her sentence is not moot because the supervised release portion could be affected if she prevails.  *See United States v. Allen*, 434 F.3d 1166, 1170 (9th Cir. 2006); *United States v. Verdin*, 243 F.3d 1174, 1178 (9th Cir. 2001).